**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000782
29-DEC-2014
07:54 AM**

NO. CAAP-14-0000782

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LEX R. SMITH and CYNTHIA M. NOJIMA, Plaintiffs-Appellees, v.
JERRY TUBAL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC13-1-2385)

ORDER GRANTING NOVEMBER 6, 2014 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Upon consideration of the Motion to Dismiss Appeal by
Plaintiffs-Appellees Lex R. Smith, and Cynthia M. Nojima
(Appellees), filed on November 6, 2014, Defendant-Appellant Jerry
Tubal's (Appellant) Opposition to the Motion to Dismiss, filed on
November 16, 2014, the attachments thereto, and the files and
record herein, the Motion to Dismiss Appeal is granted.

On April 25, 2014, Appellant filed a Notice of Appeal from the April 1, 2014 Judgment for Possession, which was accompanied by the April 1, 2014 Writ of Possession, regarding 56-419 Kamehameha Highway, Unit NC-45 (Property). On May 4, 2014, Appellant filed an Amended Notice of Appeal which also appealed from "Exhibit A - L which are oral orders and orders not written made by Judge Gerald Kibe, Judge Hilary Gangnes, Judge Michael Tanigawa and Judge J. S. Kawashima during the trial."

Although the Judgment for Possession did not resolve Appellees' claim for unpaid rent and damages, the Hawai'i Supreme Court has recognized an exception to the finality requirement under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d. 702, 704 (1995). Under the Forgay doctrine, "[w]e have jurisdiction to consider appeals from judgments which 'require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation.'" Ciesla, 78 Hawai'i at 20, 889 P.2d at 704. For this appeal, however, we conclude that the appeal must be dismissed because it is moot.

In Hamilton ex rel. Lethem v. Lethem, 199 Hawai'i 1, 5, 193 P.3d 839, 843 (2008), the Hawai'i Supreme Court stated:

> It is well-settled that:
>
> > The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where

events subsequent to the judgment of the trial court
have so affected the relations between the parties
that the two conditions for justiciability relevant on
appeal -- adverse interest and effective remedy --
have been compromised.

Lathrop [v. Sakatani], 111 Hawai'i [307,] 312-13, 141 P.3d
[480,] 485-86 (citations omitted) (format altered); see also In re
Doe Children, 105 Hawai'i 38, 57, 93 P.3d 1145, 1164 (2004)
(stating that "the two conditions for justiciability relevant on
appeal [are] adverse interest and effective remedy").

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation mark and brackets omitted). Further, "a case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (initial quotation marks, brackets, emphasis, citation, and block quotation format omitted).

It is undisputed that Appellant has vacated the Property and Appellees are in possession of the Property. Appellant signed a document in which he agreed to vacate the Property in exchange for Appellees' agreement not to seek attorneys' fees and costs incurred in the summary possession action. It does not appear that the Writ of Possession was executed. "The termination of possession without execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself." Crown Properties, Inc. v. Financial Sec. Life, Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985).

Furthermore, Appellant's lease has terminated, and Appellant has not demonstrated an entitlement to regain possession based on his lease, even if this court were to vacate the Judgment for Possession. Therefore, the appeal from the Judgment for Possession is moot. See Exit Co., Ltd. P'ship v. Airlines Capital Corp., Inc., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (determining in a summary possession case that an appeal from a judgment for possession is moot where the appellant legally cannot regain possession of the subject premises, i.e., the Lease is "not subject to renewal or extension," should the judgment for possession be vacated by the appellate court).

To the extent that Appellant purports to appeal from oral or unwritten orders that involve matters that are independent of, and not resolved by, the Judgment for Possession on which this Forgay appeal is based, such orders are interlocutory and are not subject to appellate review in this appeal.

IT IS HEREBY ORDERED that the Motion to Dismiss Appeal is granted. The Appeal in No. CAAP-14-0000782 is dismissed.

DATED: Honolulu, Hawaiʻi, December 29, 2014.

Chief Judge

Associate Judge

Associate Judge

-4-